## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF OKLAHOMA

**FILED**

MAR 1 9 2026

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

1. Angela M. Linger

1702 W Charleston Court

Broken Arrow, OK 74011

Plaintiff, Pro Se

v.

2. Saint Francis Hospital

6161 S Yale Avenue

Tulsa, OK 74136

Attention: J. Pittman

Defendant

Case No: _____ 2 6 CV - 1 6 3 JDR - SH

## COMPLAINT FOR DISCRIMINATION, RETALIATION, HOSTILE WORK ENVIRONMENT, AND CONSTRUCTIVE DISCHARGE

### I. Jurisdiction

This action arises under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA). This Court has jurisdiction because the claims arise under federal law, and Plaintiff has exhausted all required administrative remedies.

### II. Parties

Plaintiff: Angela M. Linger resides at 1702 W Charleston Court, Broken Arrow, Oklahoma, and was employed by Defendant in a professional capacity for many years.



IFP Pending
& Summons

Defendant: Saint Francis Hospital, part of Saint Francis Health System, is a healthcare organization operating in Tulsa, Oklahoma.

## III. Administrative Filings

Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission under Charge No. 564-2025-03233.

Plaintiff received a Notice of Right to Sue from the EEOC and files this action within the permitted timeframe.

Plaintiff also filed a related complaint with the National Labor Relations Board under Charge No. 14-CA-380934.

These filings placed Defendant on notice of the alleged unlawful conduct.

## IV. Employment History and Contributions

Plaintiff began employment with Defendant in 2005, serving for many years with a record of reliability, professionalism, and dedication.

In 2013, Plaintiff contributed to the development of the hospital's psychiatric consult service, significantly supporting the growth of behavioral health programs.

In approximately 2022, leadership changes occurred within the psychiatric consult service. Plaintiff continued her work under new supervisory oversight.

During her tenure, Plaintiff underwent cataract removal surgery with subsequent corrective procedures and also experienced a right shoulder injury, for which she filed a workers' compensation claim.

Throughout her tenure, Plaintiff consistently received positive performance evaluations and managed increasing patient volumes and complex clinical responsibilities.

Despite these contributions, Plaintiff later experienced increasing workplace hostility, professional isolation, exclusion from communication and collaborative decision-making, inconsistent enforcement of standards, and marginalization, which intensified after her protected HR activity.

## V. Timeline of Events and Evidence

2005 – Began employment, establishing long-term record of reliability and strong performance.

2013 – Contributed to psychiatric consult service and behavioral health programs.

2013–2024 – Performance evaluations rated 'Meets Expectations' or 'Exceeds Expectations'.

Approx. 2022 – Leadership changes in psychiatric consult service.

2022–2023 – Cataract removal surgery with corrective procedures.

Approx. 2023 – Right shoulder injury and workers' compensation claim.

Approx. 2024 – Onset of professional isolation and exclusion from meetings and collaboration.

Sept–Oct 2024 – Raised workplace concerns and requested improved communication.

June 23, 2025 – HR guidance request regarding team communication and documentation.

Prior to Aug 2025 vacation – Discussion with lead psychiatrist regarding marginalization and isolation.

June–Aug 2025 – Escalation of isolation following HR memo.

 June ~~July~~ 2025 – LMHP documentation incident handled professionally but selective enforcement persisted.

Aug 10, 2025 – Submitted performance metrics demonstrating continued productivity.

Aug 2025 – Sudden probation without prior warning or progressive discipline.

Aug 22, 2025 – Resignation due to cumulative hostile work environment (constructive discharge).

Post-Aug 2025 – EEOC and NLRB filings documenting retaliation and discrimination.

**VI. Statement of Facts Supporting Claims**

Defendant treated Plaintiff differently than similarly situated employees.

Adverse actions were temporally linked to Plaintiff's protected activity.

Workplace hostility included professional isolation, exclusion, inconsistent enforcement, and marginalization.

Medical events were professionally managed but the work environment became intolerable.

Plaintiff's resignation constituted constructive discharge due to cumulative hostile conditions.

**VII. Claims**

Claim 1 – Discrimination (Title VII / ADEA): Defendant subjected Plaintiff to adverse employment actions based on age and/or other protected characteristics.

Claim 2 – Retaliation (Title VII): Defendant retaliated against Plaintiff for raising workplace concerns and engaging in protected activity.

Claim 3 – Hostile Work Environment (Title VII / ADEA): Defendant allowed ongoing workplace hostility, exclusion, and selective enforcement to persist.

Claim 4 – Constructive Discharge: Cumulative adverse actions and intolerable working conditions forced Plaintiff to resign.

**VIII. Evidence Likely to Contradict Defendant's Assertions**

Performance evaluations and reviews (2005–2025).

Emails, chat, and internal messages following protected complaints.

HR notes and meeting records including discussion with lead psychiatrist.

Incident reports documenting aggression, exclusion, or marginalization.

Department disciplinary records (2013–2025) for all clinicians.

Department intake logs and August 10, 2025 performance metrics report.

**IX. Legal Analysis Supporting Cause**

Retaliation: Protected activity closely preceded adverse actions.

Age Discrimination: Comparators and sudden adverse treatment support ADEA claim.

Hostile Work Environment: Professional isolation and employer inaction demonstrate hostile conditions.

Constructive Discharge: Intolerable conditions caused resignation equivalent to termination.

**X. Damages**

Loss of wages and employment benefits.

Interference with professional duties and collaborative work.

Emotional distress and mental anguish.

Other economic and non-economic damages.

Plaintiff requests relief including Back Pay, Front Pay, compensatory and punitive damages, costs of litigation, and any additional relief deemed just and appropriate.

## XI. Conclusion

Objective evidence, witness accounts, and Defendant's historical practices demonstrate that adverse employment actions were retaliatory, selectively enforced, and part of an escalating pattern of professional isolation and hostility culminating in constructive discharge.

## XII. Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*Angela Linger*

Angela M. Linger

1702 W Charleston Court

Broken Arrow, OK 74011

Plaintiff, Pro Se

Date: March 17, 2025

## Exhibits

Exhibit A: EEOC Charge No. 564-2025-03233

Exhibit B: EEOC Right-to-Sue Letter

Exhibit C: NLRB Charge No. 14-CA-380934

Exhibit D: To be subpoenaed — performance reviews 2005–2025, emails/chats (redacted), HR notes, incident reports

*Angela Linger*
Angela Linger
918 - 991 - 3337

March 19, 2026